Lawrence J. Semenza, III, Esq., Bar No. 7174
E-mail: ljs@skrlawyers.com
Christopher D. Kircher, Esq., Bar No. 11176
Email: cdk@skrlawyers.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email: jlr@skrlawyers.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile:  (702) 920-8669

*Attorneys for Plaintiff Megan E. Klatt
and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MEGAN E. KLATT, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation; DOES 1-50, unknown individuals; and ROE COMPANIES 1-50, unknown business entities,<br><br>Defendants. | Case No.:  2:17-cv-02425-RFB-BNW<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-captioned class action ("Action") having come before the Court on August 25, 2020 for a hearing, and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") filed and entered on April 3, 2020, and as set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Settlement" or "Stipulation of Settlement"), with due and adequate notice having

1

been given to all Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, with good cause appearing, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members with respect to the Class certified for settlement purposes, as follows:

> Anyone who was employed by Defendant in Clark County, Nevada, signed a promissory note prepared by Defendant for Relocation Assistance, Educational Assistance, Internal Education, and/or a Nurse Residency Program (each a "Promissory Note" and collectively the "Promissory Notes"), had deductions taken from a final wage and/or Paid Time Off Check issued by Defendant, and/or made payments to Defendant posttermination, pursuant to a Promissory Note on or after August 17, 2011 through May 31, 2019.

The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: a) the Settlement Class is ascertainable and so numerous as to make it impracticable to join all Class Members: b) there are common questions of law and fact including, but not limited to, whether Defendant complied with applicable laws affecting Plaintiff and the other Class Members regarding deductions from paychecks or payouts of PTO, and interest as authorized by statute; c) Plaintiff's claims are typical of the claims of the members of the Settlement Class; d) Plaintiff has and will fairly and adequately protect the interests of the Settlement Class, and Semenza Kircher Richard as Class Counsel has and will fairly and adequately protect the interests of the Settlement Class; e) the prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and f) with respect to the Settlement Class, questions of law and fact common to the members of the Settlement Class

predominate over any questions affecting any individual member in such Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

3. Distribution of the Notice of Pendency of Class Action (the "Notice"), the Claim and Consent Form and the Exclusion Form directed to the Class Members as set forth in the Stipulation of Settlement, and the other matters set forth therein, have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation of Settlement. The Notice provided due and adequate notice of the proceeding and the matters set forth therein, including the proposed Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

4. The Court hereby finds the Settlement was entered into in good faith. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

5. The Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and thereby directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive, arms-length negotiations. The Court further finds the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further litigation. The Court has reviewed the benefits that are being granted as a part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only. The Court also hereby finds there were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

6. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. As of the date of the Court's Final Order and Judgment, each and every Class Member who has not submitted a valid Request for Exclusion hereby releases and is forever barred and enjoined from instituting or prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against the Released Parties from August 17, 2011 up to and including the date of the Court's Final Order and Judgment. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims from August 17, 2011 up to and including the date of the Court's Final Order and Judgment.

7. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement serve as an admission by the Released Parties, nor is the Court's Final Order and Judgment a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Stipulation of Settlement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Stipulation of Settlement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Stipulation of Settlement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

9. The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

10. The Court hereby confirms Semenza Kircher Rickard as Class Counsel in the Action.

11. Pursuant to the terms of the Stipulation of Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $310,000.00 and costs in the amount of $145,453.21, both of which are to be deducted and paid from the Maximum Settlement Amount as final payment for, and complete satisfaction of, any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Settlement and transferred and/or made payable to Class Counsel in the Action.

12. The Court also hereby approves and orders an Enhancement Award to Class Representative Megan Klatt in the amount of $16,000.00, which shall be in addition to $57,000.00 in damages to settle her individual claims against Defendant, both of which are to be deducted and paid from the Maximum Settlement Amount.

13. The Court also hereby approves and orders an Enhancement Award to each of the four Class Members who raised concerns regarding final wage deductions in the amount of $2,000.00, to be deducted and paid from the Maximum Settlement Amount.

14. The Court also hereby approves and orders payment from the Class Settlement for the actual claims administration expenses incurred by the Claims Administrator, CPT Group, Inc., in the amount of $10,000.00, to be paid from the Maximum Settlement Amount.

15. The Court also hereby finds and orders that the Settlement constitutes a fair, reasonable and adequate compromise of the Released Claims against the Released Parties.

16. Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders the deadline for mailing or otherwise delivering the Court-approved Settlement Awards, attorneys' fees and costs and Enhancement Awards as set forth in the schedule within the Preliminary Approval Order, with one exception, that being that Defendant shall wire the Maximum Settlement Amount of $950,000 to the escrow account established by the Claims Administrator on or before September 10, 2020.

**IT IS SO ORDERED.**

Dated: August 27, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE